COBB, J.
The appellant, Eddie Weldon, while incarcerated pursuant to various convictions, filed a petition for writ of habeas corpus on March 18, 2002, in the circuit court for Marion County. Wilson was challenging the presumptive parole evidence date set by the Florida Parole Commission. He asserted: (1) that the Commission had no jurisdiction over sentences imposed under the sentencing guidelines; (2) the Commission had no authority to aggravate for concurrent sentences (that were formerly consecutive sentences); and (3) that the Florida Department of Corrections erred in the forfeiture of gain time on allegedly expired sentences following his parole revocation.
The circuit court denied Weldon’s petition relating to the Florida Parole Commission based upon a finding that mandamus, not habeas corpus, was the proper remedy and that, in any event, he was entitled to no relief from the Commission. Following denial of a motion for rehearing, Weldon filed the instant appeal.
The Commission acknowledged that the lower court should have afforded Weldon 20 days in which to file a reply to its response to the show cause order of the circuit court. Fla. R.App. P. 9.100(k). Therefore, in accordance with the concession of the Commission, we remand this cause to the lower court to allow Weldon to file and serve his reply to the Commission’s response and to reconsider this matter after compliance with the rule.
REMAND.
PETERSON and PLEUS, JJ., concur.